UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VALUTA CORPORATION, INC., and PAYAN'S FUEL CENTER, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>FINANCIAL CRIMES ENFORCEMENT NETWORK, et al.<br><br>*Defendants*. | Civil Case No. 3:25-cv-00191-LS |

**RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO OPPOSE
MOTION FOR TEMPORARY RESTRAINING ORDER**

The government's proposed briefing schedule—giving it the 14 days standard for normal motions—is unreasonable for contesting a temporary restraining order.

This is the third case challenging a geographic targeting order (GTO) issued by the Financial Crimes Enforcement Network. The courts in the first two cases have already preliminarily enjoined the GTO for some businesses, but not all. In the first case, in San Antonio, Judge Biery held that the GTO likely functions as a general warrant and thus violates the Fourth Amendment. (He held that it likely violates the Administrative Procedure Act, too.) Even so, despite two federal courts' conclusions that the GTO is likely invalid, the government continues to enforce the GTO against businesses not covered by the prior decisions. The government should not be allowed to continue to enforce an order that likely violates the Fourth Amendment and the

Administrative Procedure Act for any length of time, but especially not while the government takes its time in responding to Plaintiffs' request for emergency relief.

There is no reason Defendants need two weeks to contest relief that the Court can grant *ex parte*, without hearing from Defendants at all, particularly when the government has the benefit of its prior briefing. In the two other cases, the government was able to respond in far less time. In the first, the government was able to file a response to a TRO application the next day. *See Tex. Ass'n for Money Servs. Bus. v. Bondi*, 5:25-cv-344 (W.D. Tex.) (Dkts. 5 & 8). In the other, the government responded in two days. *See Novedades y Servicios, Inc. v. FinCEN*, 3:25-cv-00886 (S.D. Cal.) (Dkts. 8 & 13). The government does not need two weeks here.

The government is also wrong to imply that the Court should consider the time passed since mid-March, when the GTO was announced. Plaintiffs here filed this case and their motion for a temporary restraining order only seven business days after the second court issued its written decision.[1] Plaintiffs had hoped that at least one of the two other courts would stay enforcement of the GTO entirely (vacatur being the standard remedy for APA violations) so that they would not have to bring a third suit. As discussed in Plaintiffs' brief (at 2 and 8), both Plaintiffs worked diligently to oppose the GTO, while not further burdening the courts, by seeking relief as non-party witnesses in the two prior cases. But the other courts declined to pause the GTO completely, limiting relief to the parties in the Texas case and all affected businesses in California. Plaintiffs sued promptly thereafter to stem the irreparable harm that they and other Texas businesses are continuing to suffer.

---

[1] Plaintiffs filed this case on May 30th, and Judge Janis Sammartino of the Southern District of California issued her written opinion enjoining enforcement of the GTO only as to the targeted zip codes in California, which are all in her district, on May 21st. Judge Biery issued his written opinion on May 19th.

A TRO would return things to the status quo that had prevailed for decades. It would also harmonize the legal standard for businesses across Texas, ten of which are already exempt from the order under Judge Biery's injunction. If the government does have two weeks' worth of briefing to share, it of course will have more time before the Court considers a preliminary injunction.

Plaintiffs ask the Court to consider their application without further briefing. If the Court prefers to set a briefing schedule, it should enter the shortest one possible.

Dated: June 3, 2025

Respectfully submitted,

/s/ Christen Mason Hebert

Andrew K. Ward (NY Bar No. 5364393)*
Elizabeth L. Sanz (CA Bar No. 340538)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
ahward@ij.org
bsanz@ij.org

Katrin Marquez (FL Bar No. 1024765)*
INSTITUTE FOR JUSTICE
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
(305) 721-1600
kmarquez@ij.org

* Pending admission *pro hac vice*

Christen Mason Hebert
(TX Bar No. 24099898)
Jeffrey Rowes (TX Bar No. 24104956)*
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org

Robert E. Johnson (DC Bar No. 1013390)*
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
(703) 682-9320
rjohnson@ij.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

<div style="text-align: right;">

/s/ Christen Mason Hebert
Christen Mason Hebert (TX Bar No. 24099898)

</div>