# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| VALUTA CORPORATION, INC., and PAYAN'S FUEL CENTER, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> FINANCIAL CRIMES ENFORCEMENT NETWORK; ANDREA GACKI, in her official capacity as Director of the Financial Crimes Enforcement Network; U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; and PAM BONDI, in her official capacity as the Attorney General of the United States, <br><br> *Defendants*. | No. 3:25-CV-00191-LS |

## **TEMPORARY RESTRAINING ORDER**

Having held a hearing on Plaintiffs' motion for a temporary restraining order, and after careful consideration of arguments presented by the parties, along with supporting briefing, declarations, and exhibits, the Court finds that:

Plaintiffs demonstrated a substantial likelihood of success on the merits on their claim that the geographic targeting order published at 90 Fed. Reg. 12106 (the "Border GTO") is arbitrary and capricious. For an agency's action to be arbitrary and capricious, an agency must have "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not

be ascribed to a difference in view or the product of agency expertise."[1] Here, the administrative record reflects that the government either failed to consider or offered an unsubstantiated conclusion on at least two important aspects of the problem: (1) there are simple measures that cartel members can take to render the Border GTO completely toothless, and (2) innocent businesses can be profoundly disadvantaged if they are located on the "wrong" side of an El Paso street, and thus within a covered zip code, *vis-a-vis* their competitors across the street in an uncovered zip code.

One of the covered zip codes is 79935, and the Court notes that Yarbrough Drive in El Paso separates 79935 from 79925, an uncovered and nearly identical part of El Paso.[2] Accordingly, a cartel member, or anyone for that matter, could simply cross Yarbrough Drive from a 79935 business to a 79925 business to avoid the Border GTO's reporting requirements. Using their feet, cartel members can avoid 79935's lower reporting threshold, but innocent businesses in 79935 would likely lose innocent customers understandably reticent to furnish personal information for small monetary transactions.

Moreover, nothing in the administrative record shows that the government gave sufficient credence to the heightened reporting requirements at issue. The Border GTO required plaintiff Valuta Corporation, Inc., to file approximately 1,600 reports in one month when it filed only 123 reports total in all of 2024.[3]

Plaintiffs have met their burden and have shown a substantial likelihood of success on the merits on their arbitrary and capricious claim. The Court need go no further now; it will entertain

---

[1] *Motor Vehicle Mfrs. Ass'n, Inc. v. State Farm Mut. Auto. Ins*., 463 U.S. 29, 43 (1983).
[2] ECF No. 30 at 19:2–13.
[3] *See* ECF No. 5-1 ¶¶ 17–18.

all of Plaintiffs' claims, including their Fourth Amendment and *ultra vires* claims, at a preliminary injunction hearing or trial in this matter.

Plaintiffs showed that they will suffer immediate and irreparable harm absent emergency injunctive relief, including the threat of business closure, reputational injury, and loss of customers and goodwill.

The balance of equities favors Plaintiffs, as the requested relief merely preserves the status quo pending further judicial review, while Defendants will suffer no cognizable prejudice from a brief delay in implementation.

The public interest is served by maintaining lawful operations of regulated financial institutions and preventing unlawful agency action.

Therefore, just as Judges Sammartino and Biery have already done with respect to the Border GTO,[4] the Court grants Plaintiffs' motion (ECF No. 5) such that Defendants are temporarily enjoined from enforcing, implementing, and otherwise giving effect to the Border GTO as to Plaintiffs Valuta Corporation, Inc., and Payan's Fuel Center, Inc.

The parties shall confer on a briefing schedule for the preliminary injunction and trial and file a joint proposal by **July 1, 2025**.

The Court declines to set a bond under Fed. R. Civ. P. 65(c). This Order shall expire on **July 8, 2025**, and may be extended only in accordance with Rule 65(b)(2).

---

[4] Order, *Tex. Ass'n for Money Servs. Bus. v. Bondi*, 5:25-cv-344-FB (W.D. Tex. Apr. 11, 2025); Order, *Novedades y Servicios, Inc. v. Fin-CEN*, 3:25-cv-886-JS (S.D. Cal. Apr. 22, 2025).

**SO ORDERED**.

**SIGNED** and **ENTERED** on June 24, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**