# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| VALUTA CORPORATION, INC. and PAYAN FUEL CENTER, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> FINANCIAL CRIMES ENFORCEMENT NETWORK, ANDREA GACKI, in her official capacity as Director of the Financial Crimes Enforcement Network; U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; and PAM BONDI, in her official capacity as Attorney General of the United States, <br><br> *Defendants*. | Civil Action No. 3:25-cv-191-LS |

### RESPONSE OPPOSING PLAINTIFFS' MOTION
### TO SUPPLEMENT ADMINISTRATIVE RECORD

The United States files its Response opposing Plaintiff's motion to Supplement the Administrative Record.

### INTRODUCTION

Plaintiffs seek to supplement the Administrative Record with their own testimony about the burdens of complying with the GTO, plus similar evidence from other covered businesses and declarations of certain former law enforcement officials calling into question the wisdom and efficacy of the GTO's design. But under the "record rule," judicial review in APA actions is based on the administrative record before the agency, not a new record subsequently generated by the parties—and outside of "unusual circumstances[,]" "[s]upplementation of the administrative record is not allowed[.]" *OnPath Fed. Credit Union v. United States Dep't of*

*Treasury, Cmty. Dev. Fin. Institutions Fund*, 73 F.4th 291, 299 (5th Cir. 2023); (quoting *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010)). Plaintiffs have not shown that those "unusual circumstances" are present here. This Court's review of the GTO should therefore be based on the Administrative Record, Docket no. 15, not the additional evidence that Plaintiffs propose.[1] Plaintiffs' Motion to Supplement should be denied.

## BACKGROUND

Acting pursuant to clear Congressional authorization, FinCEN issued the Geographic Targeting Order (GTO) at issue in this litigation "by order," based on an Administrative Record that encompassed FinCEN's findings about the statutory factors for issuing a GTO: that because "additional recordkeeping and reporting requirements are necessary" to carry out "the purposes of [the Bank Secrecy Act] or to prevent evasions thereof," the Secretary[2] may issue "an order requiring [a] group of domestic financial institutions . . . or businesses in a geographic area" to obtain information, maintain records, and file reports as set forth in 31 U.S.C. § 5326(a). Judicial review of that action is based exclusively on the administrative record. *Sierra Club v. United States Dep't of Interior*, 990 F.3d 898, 907 (5th Cir. 2021) ("we 'may not consider evidence outside the administrative record.'" (internal citation omitted)).

Plaintiffs nonetheless argue that this Court should look beyond FinCEN's Administrative Record in its review of the GTO, for two reasons. First, Plaintiffs argue, since they have asserted

---

[1] The parties do not dispute that non-record evidence about the effects of the GTO may be appropriately considered as to the non-merits issues, such as the balance of hardships preliminary injunction factor.

[2] This authority has been delegated to the Director of FinCEN. *See* Treasury Order 180-01 (Jan. 14, 2020), *available at* https://home.treasury.gov/about/general-information/orders-and-directives/treasury-order-180-01 (last visited July 5, 2025).

a constitutional claim, the Court should allow introduction of extra-record evidence to permit "an independent assessment . . . of [Plaintiffs'] claim of constitutional right." Mot. to Supp., Docket no. 39 at 5. Second, Plaintiffs draw on cases in which some courts have found "'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency[,]" contending that all three circumstances recognized in the Fifth Circuit for such departure are present here. Mot. to Supp., Docket no. 39 at 5 (citing *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010)). But rather than attempting to show that the *Medina* circumstances are met, Plaintiffs recite eight circumstances under which a district court has allowed supplementation, which they argue "largely 'fit'" within the Fifth Circuit's factors. Mot. to Supp., Docket no. 39 at 5 (citing *City of Dallas, Tex. v. Hall*, No. 3:07-CV-0060-P, 2007 WL 3257188, at *5 (N.D. Tex. Oct. 29, 2007)).

Relying on three of the district court circumstances recited in the *City of Dallas* case, Plaintiffs contend that this Court's review of the GTO should be based on the exhibits, declarations, and transcripts generated in other litigation and submitted to this Court with Plaintiffs' TRO application, as well as the FinCEN Administrative Record. Mot. to Supp., Docket no. 39 at 1. Plaintiffs argue that these additional materials are needed to explain the impact of the GTO on regulated businesses; to raise arguments against the efficacy of the GTO that, in Plaintiffs' view, FinCEN "should have considered"; and to "demonstrate gaps" in FinCEN's reasoning. *Id.* at 3–4.

## STANDARD

Judicial review of administrative action is based on the administrative record, such that a reviewing Court "may not consider evidence outside the administrative record when determining whether to uphold agency action." *Sierra Club v. United States Dep't of Interior*, 990 F.3d 898,

907 (5th Cir. 2021). "Motions to supplement the record are rarely granted." *OnPath Fed. Credit Union v. United States Dep't of Treasury, Cmty. Dev. Fin. Institutions Fund*, 73 F.4th 291, 299 (5th Cir. 2023).

Under the "record rule," "'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Rethink35 v. Texas Dep't of Transportation*, No. 1:24-CV-00092-ADA, 2025 WL 1191594, at *2 (W.D. Tex. Mar. 6, 2025) (quoting *Budhathoki v. Nielsen*, 898 F.3d 504, 517 (5th Cir. 2018)). Consideration of extra-record evidence must be supported by "unusual circumstances justifying departure" from the record rule. *Rethink35*, 2025 WL 1191594, at *2 (quoting *Medina*, 602 F.3d at 706).

The Fifth Circuit has identified "three situations where such motions might be granted":

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . .
> (2) the district court needed to supplement the record with 'background information' in order to determine whether the agency considered all of the relevant factors, or
> (3) the agency failed to explain administrative action so as to frustrate judicial review.

*OnPath*, 73 F.4th at 299. Outside of these "unusual circumstances[,]" "[s]upplementation of the administrative record is not allowed[.]" *Id.* (quoting *Medina*, 602 F.3d at 706). Supplementation of an administrative record based on these factors is limited to scenarios where the party seeking supplementation makes "a strong showing of bad faith or improper behavior" by the agency, or where "the record is so bare that it prevents effective judicial review." *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514 (D.C. Cir. 2010) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

## ARGUMENT

### A. Plaintiffs' Fourth Amendment Claim Does Not Supply a Basis to Supplement the Administrative Record

The focus of judicial review of agency action, including challenges to agency action "contrary to constitutional right, power, privilege, or immunity," 5 U.S.C. § 706(2)(B), "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). A plaintiff cannot avoid record review by pleading a constitutional claim. *See J.L. v. Cissna*, No. 18-CV-04914-NC, 2019 WL 2224851, at *1 (N.D. Cal. Mar. 8, 2019) (*citing Bellion Spirits, LLC v. U.S.*, 335 F. Supp. 3d 32, 43–44 (D.D.C. 2018)).

Plaintiffs assert in passing that, because they have made an APA claim based on the Fourth Amendment, supplementing the Administrative Record is necessarily appropriate—a proposition for which they cite a single district court opinion, which in turn relies upon the Fifth Circuit's 1979 opinion in *Porter v. Califano*. Mot. to Supp., Docket no. 39 at 4–5, 6 (citing *Texas v. Biden*, No. 2:21-CV-067-Z, 2021 WL 4552547, at *3 (N.D. Tex. July 19, 2021) and *Porter v. Califano*, 592 F.2d 770, 780 (5th Cir. 1979)). But *Porter*'s statement that "courts should make an independent assessment of a citizen's claim of constitutional right when reviewing agency decision-making" did not refer to evaluation of constitutional claims based on materials outside of the administrative record, but to the level of deference applied to APA challenges to agency action alleged to be "contrary to constitutional right, power, privilege, or immunity" versus the more deferential standards inherent in APA claims that an agency "abused its discretion"; acted "arbitrarily and capriciously"; or "made findings unsupported by substantial evidence[.]" *Porter*, 592 F.2d at 780 & n.15. Thus, *Porter*'s discussion of an "independent assessment" referred not to compiling a new record from which to evaluate the agency action, but to courts making "an

independent examination[,]" rather than a deferential review, of the *existing* agency record. *Id.* at 780–81.

In reading *Porter* to authorize supplementation of the administrative record in the setting of constitutional claims, the district court in *Texas v. Biden* erred—but also acknowledged the "well-reasoned" identification of a "'common thread' in cases where the district court *denied* the introduction of extra-record evidence": Where "a constitutional challenge to agency action require[d] evaluating the *substance* of an agency's decision made on an administrative record." *Texas v. Biden*, 2021 WL 4552547, at *4 (discussing *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32 (D.D.C. 2018)). And Plaintiffs' constitutional claim here falls squarely within that common thread: They argue that the Court should consider non-record declarations and testimony to support their arguments that the GTO was poorly designed, will prove ineffective, and will burden regulated businesses in a way that will ultimately prove counterproductive to enforce the BSA—"evidence . . . [that] confirms that [their] actual beef is with the substance of the agency's decision." *Bellion Spirits*, 335 F. Supp. 3d 32, 40, *aff'd,* 7 F.4th 1201 (D.C. Cir. 2021). But "such a position does not permit [Plaintiffs] to supplement the record." *Id.*

   **B. Plaintiffs Have Not Satisfied Any of the *Medina* Factors and have not Shown the "Unusual Circumstances" Required for Supplementation**

Next, Plaintiffs argue that they are entitled to supplementation under three of the circumstances identified by the district court in *City of Dallas*.

   1. Plaintiffs Have Not Shown that Supplementation is Proper Under Circumstances 1 or 3

Citing *City of Dallas* circumstances 1 and 3, Plaintiffs claim that they meet the test for supplementation by arguing that the GTO "is not adequately explained" (circumstance 1) and that the record supporting it "is incomplete" (circumstance 3). Mot. to Supp., Docket no. 39 at 6–

8. These claimed bases for supplementation are indistinguishable from their ultimate merits arguments. They also fail to reckon with the Fifth Circuit's clear limits on supplementation: That it is limited to "unusual circumstances" in which a party shows "deliberate[] or negligent[]" exclusion of pre-existing material from the administrative record, or agency explanation of its action so deficient that it fails altogether to explain the basis for the agency action in a manner that "frustrate[s] judicial review." *OnPath Fed. Credit Union v. United States Dep't of Treasury, Cmty. Dev. Fin. Institutions Fund*, 73 F.4th 291, 299 (5th Cir. 2023). Relying on *City of Dallas*, Plaintiffs appear to seek a more permissive standard, that would allow supplementation merely because they contend the Administrative Record "is incomplete" and does not, in their view, "adequately" explain FinCEN's action. In dispensing with the predicate requirements to show bad faith or improper behavior, they go beyond the Fifth Circuit's limitations on supplementation. *OnPath*, 73 F.4th at 299; *see also, e.g.*, *Bellion Spirits*, 335 F. Supp. 3d at 39 ("[t]he Court can knock out two of the four exceptions right off the bat: Bellion makes no assertion that the agency 'acted in bad faith' or otherwise 'engaged in improper behavior.'").

Plaintiffs also rely at length on *Independent Turtle Farmers of Louisiana, Inc. v. United States*, 703 F. Supp. 2d 604 (W.D. La. 2010), but that case is distinct from this one in multiple ways. First, that case, regarding a dispute about an agency decision not to lift a twenty-five-year-old ban on the sale of baby turtles, implicated a special APA context not present here, as "Courts routinely consider extra-record evidence in cases implicating the National Environmental Policy Act of 1969 [(NEPA)]." *Indep. Turtle Farmers of Louisiana*, 703 F. Supp. 2d at 610.[3] Even so,

---

[3] The *Rethink35* case cited in Plaintiffs' motion, docket no. 39 at 5, 8, also arose in this context. *Rethink35*, 2025 WL 1191594, at *3 ("it is true that deviation from the record rule 'occurs with more frequency' in NEPA cases" (internal citations omitted)).

the district court granted the request to supplement as to certain scientific publications, but—more relevant here—*denied* the request as to the "redundant, although erudite, expressions of disagreement with the [agency] decision written by [plaintiffs'] representatives." *Indep. Turtle Farmers of Louisiana*, 703 F. Supp. 2d at 613 & n.10 (noting that "letters expressing disagreement with an agency decision have been rejected as extra-record evidence in other cases"; citing *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

Plaintiffs insist that the Administrative Record cannot be complete—and that no GTO can be adequately supported under the APA—without an "opportunity for input or challenge from [regulated entities] and the broader public[.]" Mot. to Supp. at 6 (citing *Nat'l Ass'n for Gun Rts., Inc. v. Garland*, 741 F. Supp. 3d 568, 600 (N.D. Tex. 2024), *appeal docketed*, No. 24-10707 (5th Cir. Aug. 6, 2024)). This argument is fundamentally at odds with Congress's instruction that GTOs not be disclosed except as authorized by the Secretary of the Treasury. 31 U.S.C. § 5326(c); *see also Bellion Spirits*, 335 F. Supp. 3d at 40 (a "desire to critique the agencies' analysis implies not that the agency failed to consider a factor, but that [plaintiff] disagrees with its conclusion as to those factors.").

2. <u>Plaintiffs Cannot Show that Supplementation Is Proper Under Circumstance 2</u>

Finally, in a similar line of argument, Plaintiffs contend they are entitled to supplementation under circumstance 2 because FinCEN did not consider all factors they believe are relevant prior to issuing the GTO—chiefly, the possibility that cartels might attempt to circumvent the GTO; and the burden the GTO imposes on MSBs. Mot. to Supp., Docket no. 39 at 8–11. That argument is indistinguishable from Plaintiffs' merits challenge, and fails because the Administrative Record confirms that FinCEN did consider those factors. AR 000017; Docket no. 20 at 18–24.

Plaintiffs' invocation of the hypothetical classification of fruits cited in the *National Association for Gun Rights* case proves unhelpful because it overlooks a fundamental premise of judicial review under the APA: Courts evaluate agency action not in the abstract, but based on the agency's consideration of the factors identified by Congress as relevant.[4] Here, those factors are set out in 31 U.S.C. §§ 5326 and 5311—and they do not include the impact of GTOs on regulated businesses, the primary purpose for which Plaintiffs now seek to add testimony and declarations from regulated MSBs to the Administrative Record. Mot. to Supp., Docket no. 39 at 3–4, 10 (invoking need to include "evidence about the effect of the Border GTO on MSBs like Plaintiffs and putative class members and their customers."). The existing Administrative Record explains that FinCEN issued the GTO based on its findings that "additional recordkeeping and reporting requirements are necessary" to carry out "the purposes of [the Bank Secrecy Act] or to prevent evasions thereof[.]" 31 U.S.C. § 5326. Plaintiffs' argument that FinCEN did not accord sufficient weight to compliance burdens does not provide a basis to supplement the Administrative Record.

The *National Association for Gun Rights* opinion is unhelpful for other reasons as well. To begin with, that court proceeded from the presumption that courts in the Fifth Circuit "routinely allow" supplementation of the administrative record. *Nat'l Ass'n for Gun Rts.*, 741 F. Supp. 3d at 598; *but cf. OnPath*, 73 F.4th at 299 (allowing supplementation only in "'unusual circumstances justifying a departure'" from the record rule). That court invoked eight

---

[4] Applied to the fruit-classification hypothetical described in *Nat'l Ass'n for Gun Rights*, it is difficult to imagine a set of statutory factors under which, as the hypothetical suggests, a court would be bound to accept as reasonable the agency determination that "an orange is really a potato." Without that statutory background, the hypothetical is more misleading than useful.

circumstances warranting supplementation—though not quite the same ones that Plaintiffs invoke here[5]—a list that plainly exceeds the narrower list of three circumstances set out by the Fifth Circuit in *Medina* and *OnPath*. And, as with *Independent Turtle Farmers* and *Rethink35*, the *National Association for Gun Rights* court relies on the distinct NEPA context for its more expansive view of supplementation. *Nat'l Ass'n for Gun Rts.*, 741 F. Supp. 3d at 598–99 (citing *Davis Mts. Trans-Pecos Heritage Ass'n v. U.S. Air Force*, 249 F. Supp. 2d 763, 776 (N.D. Tex. 2003)). But perhaps most tellingly, the extra-record evidence at issue in *Nat'l Ass'n for Gun Rts.* ultimately proved superfluous. *Nat'l Ass'n for Gun Rts.*, 741 F. Supp. 3d at 600–01 (concluding that "even if this Court is incorrect to consider materials outside of the administrative record . . . [undisputed] facts . . . drawn from the administrative record alone" are sufficient for APA review."); *see also id.* at 598 (noting that "a court's 'factfinding capacity' is 'typically unnecessary to judicial review' in an APA case (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

Nor is supplementation warranted under circumstance 2 to register the disagreements with the GTO voiced by certain former law enforcement officials on behalf of an MSB industry trade group. *Indep. Turtle Farmers of Louisiana*, 703 F. Supp. 2d at 613 & n.10; *Bellion Spirits*, 335 F. Supp. 3d at 40. These arguments, like Plaintiffs' evidence regarding the compliance burdens to covered entities, do not fall within the circumstance 2 "background information" exception to the record rule—which is explicitly tethered to information useful to evaluate

---

[5] *Compare, e.g.*, *Nat'l Ass'n for Gun Rts.*, 741 F. Supp. 3d at 598 (listing eight circumstances, including "when a case is . . . complex"; where post-action evidence "shows whether the decision was correct"; and "where relief is at issue"); Mot. to Supp., Docket no. 39 at 5 (listing eight circumstances including "in preliminary injunction cases"); *Medina*, 602 F.3d at 706 (exclusive listing of three circumstances); *OnPath*, 73 F.4th at 299 (same).

"whether the agency considered all of the relevant factors[,]" not the wisdom or reasonableness of the agency action as an abstract proposition. *Compare, e.g.*, *OnPath*, 73 F.4th at 300 (affirming denial of motion to supplement under circumstance 2); *Medina*, 602 F.3d at 707 (same); *Manufactured Hous. Inst. v. United States Dep't of Energy (DOE)*, No. 1:23-CV-00174-DAE, 2024 WL 4849053, at *2 (W.D. Tex. Nov. 14, 2024) (denying motion to supplement; noting that "The question before the Court is whether the DOE considered the relevant factors, not how well it did so. . . . Supplementation for this reason would result in an improper *de novo* review of the merits of the DOE's actions." (internal citations and quotation marks omitted)); *Bellion Spirits*, 335 F. Supp. 3d at 39 ("Although [plaintiffs] repeatedly maintain that TTB 'failed to examine all relevant factors,' the grievances that back up this assertion have little to do with an agency's neglect of a factor that it was obligated to address.").

## CONCLUSION

The Court should deny Plaintiffs' Motion to Supplement the Administrative Record.

Dated: July 9, 2025                                    Respectfully submitted,

**Justin R. Simmons**
United States Attorney

By:   */s/ Robert D. Green*
**Robert D. Green**
Texas Bar No. 24087626
Assistant United States Attorneys
U.S. Attorney's Office
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7362 (phone)
(210) 384-7312 (fax)
robert.green3@usdoj.gov
Angelica A. Saenz
Texas Bar No. 24046785
Assistant United States Attorney

>700 E. San Antonio Ave., Suite 200
>El Paso, Texas 79901
>Office: (915) 534-6555
>Facsimile: (915) 534-3490
>Email: Angelica.Saenz@usdoj.gov
>
>*Attorneys for Defendant*