

INSTITUTE FOR JUSTICE

July 25, 2025

**<u>Via CM/ECF</u>**

The Hon. Leon Schydlower
U.S. District Court for the Western District of Texas
El Paso Division
525 Magoffin Avenue
El Paso, TX 79901

      Re:    *Valuta Corporation, Inc., et al. v. Financial Crimes Enforcement Network et al.*,
            No. 3:25-cv-00191-LS

Dear Judge Schydlower:

      At the July 18 hearing on Plaintiffs' motion for summary judgment, Defendants argued that *Texas v. United States*, 126 F.4th 392 (5th Cir. 2025), limited the "default remedy for violations of" the Administrative Procedure Act—nationwide vacatur—and suggests that vacatur here should be limited to Plaintiffs. Plaintiffs explained that this argument is wrong because *Texas*' analysis of party-limited remedies concerns only nationwide injunctions. *See id.* at 418, 420–21, 422.

      In the spirit of Fed. R. App. P. 28(j), Plaintiffs submit this notice of supplemental authority to share a recent decision from the Northern District of Texas that confirms their view. In *Purl v. HHS*, __ F. Supp. 3d __, 2025 WL 1708137 (N.D. Tex. June 18, 2025), Judge Kacsmaryk rejected this same argument from the federal government:

> [V]acatur is universal in scope, no matter Defendants' view. *Braidwood* explicitly holds it is. *See* 104 F.4th at 952. Vacatur "has nationwide effect, is not party-restricted, and affects persons in all judicial districts equally." *Id.* (internal quotations omitted). Defendants muster only *Texas v. United States* to argue otherwise. 126 F.4th 392 (5th Cir. 2025). But *Texas v. United States* adjudicated a nationwide injunction and discussed universality issues related thereto—not vacatur. *See id.* at 420–22. It only curtailed the vacatur's effectiveness because it limited the scope of *injunctive* relief. *Id.* at 422. Nowhere does it state that "vacatur .... may properly be tailored to redress only a plaintiffs particular injuries." ECF No. 70 at 10.

2025 WL 1708137, at *28.

      Judge Kacsmaryk later addressed another issue discussed at the hearing, noting that "vacatur would not necessarily prevent review in other courts. Courts can and do continue to review agency action despite another court's vacatur." *Id.*

ARLINGTON     AUSTIN     CHICAGO     MIAMI     PHOENIX     SEATTLE

901 N. Glebe Road, Suite 900  Arlington, VA 22203   P: (703) 682-9320   F: (703) 682-9321
general@ij.org    www.ij.org

A copy of the opinion is attached.

                                                    Sincerely,

                                                    /s/ Andrew Ward
                                                    *Counsel for Plaintiff*

CC (via ECF):    Justin R. Simmons
                          Robert D. Green
                          Angelica A. Saenz

Attachment