UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VALUTA CORPORATION, INC., and PAYAN'S FUEL CENTER, INC., <br><br>   *Plaintiffs*, <br><br> v. <br><br> FINANCIAL CRIMES ENFORCEMENT NETWORK, *et al.*, <br><br>   *Defendants*. | Civil Case No. 3:25-cv-00191-LS |

### NOTICE OF REISSUED GEOGRAPHIC TARGETING ORDER

Plaintiffs write to inform the Court that, on September 8, FinCEN (in its words) "reissued" the GTO challenged in this case. Like the initial Border GTO, the reissued Border GTO was announced via press release, *see* FinCEN, Press Release (Sept. 8, 2025) (attached as Exhibit 1), and published in the Federal Register, s*ee Geographic Targeting Order Imposing Recordkeeping and Reporting Requirements on Certain Money Services Businesses Along the Southwest Border*, 90 Fed. Reg. 43557 (Sept. 10, 2025) (attached as Exhibit 2).

The initial Border GTO was set to expire on September 9, but the reissued Border GTO extends the reporting obligation to March 6, 2026. 90 Fed. Reg. at 43558. The reissued Border GTO also expands the geographic areas covered to include the entirety of Cameron, El Paso, Hidalgo, Maverick, and Webb counties, as well as Santa Cruz and Yuma Counties in Arizona. *Id.* The transaction reporting threshold is raised from $200 to $1,000. *Id.* Neither the press release nor the Federal Register release meaningfully explains the new reporting threshold or the expanded geographic coverage. Nor did FinCEN provide an opportunity for notice and comment. FinCEN simply announced its regulatory command by fiat.

In the reissued Border GTO, FinCEN recognizes that the existing preliminary injunctions bar enforcement of the reissued Border GTO to businesses covered by the injunctions, and FinCEN incorporates the preliminary injunctions into the reissued Border GTO. *See* 90 Fed. Reg. at 43558 n.7 ("As of this date, the government is enjoined from applying the Geographic Targeting Order of March 14, 2025, to certain MSBs in Texas. Thus, until the relevant injunctions are lifted, those MSBs are exempt from the definition of Covered Businesses for purposes of the requirements of this Order."); *see also* FinCEN, FAQs at 3 (attached as Exhibit 3) (addressing effect of preliminary injunctions on reissued Border GTO). This Court's preliminary injunction therefore continues to have force and effect, and the Court's forthcoming opinion on the preliminary injunction—which FinCEN may still appeal—remains highly relevant.

Plaintiffs' pending motion for summary judgment also remains ripe for decision. Just as the government acknowledges that the existing preliminary injunctions necessarily apply to the reissued Border GTO, Plaintiffs' claims challenging the initial Border GTO apply equally to the reissued Border GTO.[1] That is particularly true of the *ultra vires* and notice-and-comment claims: While the reissued Border GTO raises the reporting threshold from $200 to $1,000, that change has no impact whatsoever on whether the Border GTO is an order or a rule. If anything, FinCEN's unexplained decision to reissue the Border GTO and apply it to new areas (without any notice, individualized factfinding, or opportunity to be heard) just highlights the rule-like nature of this

---

[1] There should therefore be no need to amend the Complaint to address the reissued Border GTO. *See Putnam v. Williams*, 652 F.2d 497, 499 (5th Cir. 1981) ("in considering a motion for summary judgment, the pleadings may be treated as though they had been amended to conform to the evidence"). To the extent that the Court does believe it is necessary to amend the Complaint to address the reissued Border GTO, Plaintiffs of course stand ready to file an amended Complaint.

agency action. The Court therefore can (and should) enter final judgment without any need for further briefing on those claims.[2]

Dated: September 12, 2025

Respectfully submitted,

/s/ Andrew Ward

Christen Mason Hebert (TX Bar No. 24099898)
Jeffrey Rowes (TX Bar No. 24104956)*
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org

Andrew Ward (NY Bar No. 5364393)*
Elizabeth L. Sanz (CA Bar No. 340538)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
award@ij.org
bsanz@ij.org

Katrin Marquez (FL Bar No. 1024765)*
INSTITUTE FOR JUSTICE
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
(305) 721-1600
kmarquez@ij.org

Robert E. Johnson (DC Bar No. 1013390)*
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
(703) 682-9320
rjohnson@ij.org

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

---

[2] The change from $200 to $1,000 does have some impact on the Fourth Amendment and arbitrary and capricious claims. There, too, however, the bottom line is the same: The Border GTO is still an unreasonable general warrant that intrudes on ordinary, everyday transactions; if $200 is the equivalent of a cart of groceries, $1,000 is the equivalent of a monthly rent payment—and, adjusting for inflation, approximately 1.5% of the amount at issue in *Shultz*. Moreover, the decision to reissue the Border GTO without in any way acknowledging the logical defects identified in decisions from this and other courts compounds the agency's arbitrary and capricious decisionmaking. FinCEN still has not adequately explained why it has targeted these businesses, these transactions, or this geographic region. While cartels may now have to go outside the county to evade the Border GTO, evasion is still as simple as crossing an arbitrary geographic line. In any event, the *ultra vires* and notice-and-comment claims provide a sufficient basis for summary judgment even without considering these other claims.

**CERTIFICATE OF SERVICE**

I certify that on September 12, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Andrew Ward
Andrew Ward
